UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNGKYUNKWAN UNIVERSITY FOUNDATION FOR CORPORATE COLLABORATION,<br><br>Plaintiff,<br><br>v.<br><br>PINTEREST, INC.,<br><br>Defendant. | Case No. 19-cv-02677-NC<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT**<br><br>Re: ECF 69 |

This case arises out of a patent dispute over a user-customized content providing method. Plaintiff Sungkyunkwan University Foundation for Corporate Collaboration ("SKKU") alleges that Defendant Pinterest, Inc. is infringing Claim 9 of its U.S. Patent No. 8,639,687 by using cookies to store user profile information with point-weighted keywords. *Pl.'s Infringement Contentions* ("*Contentions*"), ECF 65-3. At the conclusion of discovery, Pinterest moved for summary judgment on the grounds that SKKU did not present sufficient evidence to show that Pinterest infringed Claim 9. *Def.'s Mot. Summ. J. of Non-Infringement* ("*MSJ Non-Infringement*"), ECF 69. Having carefully considered the papers submitted, the admissible evidence, and the pleadings in this action, the Court hereby GRANTS the motion for summary judgment.

I.   **BACKGROUND**

The full factual and procedural history is described in the Court's previous orders.

1  *Claim Constr. Order*, ECF 52; *Order Granting Mot. to Exclude Pl.'s Expert Report*
2  ("*Exclude Order*"), ECF 71. The relevant procedural background is as follows. Pinterest
3  filed the instant motion on February 5, 2021. *MSJ Non-Infringement*. On February 16,
4  2021, the Court issued an order excluding the expert report authored by Simon Sunatori on
5  behalf of SKKU on the basis that the report improperly introduced new theories of
6  infringement not included in SKKU's Contentions. *Mot. Exclude*. Over a week later,
7  SKKU filed an opposition to the motion for summary judgment; the opposition again
8  introduced a new theory of infringement without seeking leave to amend. *Pl.'s Opp'n to*
9  *Mot. Summ. J. re Whether Patent is Infringed* ("*Pl.'s Opp'n*"), ECF 75-3. The Court held a
10 hearing on the motion on March 17, 2021. All parties have consented to the jurisdiction of
11 a magistrate judge, under 28 U.S.C. § 636(c). ECF 10; ECF 22.

## II.   LEGAL STANDARD

Summary judgment may be granted only when, drawing all inferences and resolving all doubts in favor of the nonmoving party, there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a); *Tolan v. Cotton*, 572 U.S. 650, 651 (2014); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Bald assertions that genuine issues of material fact exist are insufficient. *Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007).

The moving party bears the burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings, and, by its own affidavits or discovery, set forth specific facts showing that a genuine issue of fact exists for trial. Fed. R. Civ. P. 56(c); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1004 (9th Cir. 1990) (citing *Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir. 1983)).

### III. DISCUSSION

#### A. Patent Direct Infringement

SKKU asserts only direct infringement.[1] *Contentions* at 3. A defendant directly infringes a patent by, without authority, making, using, offering to sell, selling, or importing into the United States any patented invention during the term of the patent. 35 U.S.C. § 271. There are two steps to a patent infringement analysis. *Teleflex, Inc. v. Ficosa N. Am. Corp.*, 299 F.3d 1313, 1323 (Fed. Cir. 2002). First, the court determines the scope of the patent claims asserted in claim construction. *Id.* (citing *Johnson Worldwide Assocs. v. Zebco Corp.*, 175 F.3d 985, 988 (Fed. Cir. 1999)). Second, the court compares the properly construed claim to the allegedly infringing device to determine if all of the limitations of at least one claim are literally or substantially present. *Id.* The question of infringement is a question of fact. *Id.*

#### B. Claim Construction

Claim 9 of the '687 Patent describes a content providing method that allows a user to enter a search query, which asks an apparatus for the user's profile containing point-weighted keywords, in order to present search results ranked by user preference. *See Claim Constr. Order* at 2. The parties disputed eight terms of Claim 9, only two of which are relevant in this motion. *Id.* at 3; *see MSJ Non-Infringement*. The Court defined "calculated based on data related to a number of selections of the keyword" as "determined based on calculation of the number of times an anchor tag including the keyword is clicked." *Claim Constr. Order* at 13. The Court defined "asking an apparatus" as "asking, for example, an information communication terminal having the same function as a network or an electronic device capable of accessing a web server through a network." *Id.*

#### C. Pinterest's Motion for Summary Judgment of Non-Infringement

When moving for summary judgment of non-infringement, a defendant need only

---

[1] In its Contentions, SKKU also reserved the right to request leave to amend to assert infringement under the doctrine of equivalents. *Contentions* at 3. However, SKKU has not requested leave to amend, and at this point in the case introducing a new theory of infringement is likely to prejudice Pinterest. *See Exclude Order* at 3. Accordingly, the Court's analysis of non-infringement will address only direct infringement.

3

file a motion "stating that the [plaintiff] had no evidence of infringement and pointing to the specific ways in which accused systems did not meet the claim limitations." *Exigent Tech. v. Atrana Sols., Inc.*, 442 F.3d 1301, 1309 (Fed. Cir. 2006). After a defendant files its motion, the burden of production shifts to the plaintiff to "identify genuine issues that preclude summary judgment." *Optivus Tech., Inc. v. Ion Beam Applicants S.A.*, 469 F.3d 978, 990 (Fed. Cir. 2006).

Pinterest satisfied the first step by filing a motion stating that SKKU presented no evidence of infringement because Pinterest does not ask an "apparatus" for a user profile and because Pinterest does not weight keywords based on the number of clicks. *See MSJ Non-Infringement*. After Pinterest filed its motion, the burden shifted to SKKU to identify genuine issues precluding summary judgment. *See Optivus Tech.*, 469 F.3d at 990. SKKU fails to meet this burden.

First, SKKU contests Pinterest's definition of "apparatus," arguing that Pinterest's interpretation of "apparatus" as a user device is not consistent with the Court's more expansive definition that includes "an information communication terminal having the same function as a network." *Pl.'s Opp'n* at 11. However, SKKU does not develop their argument beyond this definitional challenge. SKKU contests Pinterest's focus on a user device, but SKKU does not point to an alternative allegedly infringing apparatus. *See id.* at 14. In the absence of an alternative "apparatus," SKKU fails to identify a genuine dispute as to whether Pinterest infringes the "apparatus" element of Claim 9.

Second, SKKU rebuts Pinterest's denial of weighting keywords connected with a user profile. *Id.* at 15. SKKU presents a collection of quotations pulled from various Pinterest documents that describe a process of Pinterest collecting information about the number of times a user clicks a pin and analyzing that data in several tables to calculate a "query shopping intent score." *Id*. This counterargument introduces a new theory of infringement, not included in SKKU's Contentions, based on data tables and a "query shopping intent score." *See Contentions*. As explained in a previous order, absent an amendment to its Contentions, SKKU cannot introduce new infringement theories. *See*

4

*Exclude Order*. This new infringement theory was SKKU's only argument countering Pinterest's challenge to the "weighted keyword" element. *See Pl.'s Opp'n* 75-3. Thus, after excluding the new infringement theory and expert report, SKKU fails to identify a genuine dispute as to whether Pinterest infringed the "weighted keyword" element of Claim 9.

SKKU fails to demonstrate how Pinterest's method infringes on every element of Claim 9. Accordingly, there is no remaining genuine dispute as to a material fact, and it is appropriate for the Court to grant summary judgment.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Pinterest's Motion for Summary Judgment of Non-Infringement. SKKU's claims of infringement are hereby dismissed with prejudice. Because the Court can enter judgment without reaching the issue of invalidity, the Court does not rule on Pinterest's second motion for summary judgment at this time. *See Def.'s Mot. Summ. J. of Invalidity*, ECF 68.

**IT IS SO ORDERED.**

Dated: March 23, 2021

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

5